UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-479-F

| | | |
|---|---|---|
| EDDIE COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SMITHFIELD PACKING INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Motion to Dismiss [DE-13] filed by Defendant The Smithfield Packing Company, Incorporated[1] ("Smithfield"). The *pro se* Plaintiff Eddie Cooper ("Plaintiff" or "Cooper") has filed a response, and Smithfield has replied.[2] The motion therefore is ripe for ruling.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action by filing an application to proceed *in forma pauperis* [DE-1] on November 4, 2010, attaching a proposed complaint [DE-1-1]. On November 8, 2010, Plaintiff filed another proposed complaint [DE-3], which contained additional factual details.

In an Order filed on December 21, 2010, United States Magistrate Judge David W. Daniel allowed Plaintiff's application to proceed *in forma pauperis*, and determined that Plaintiff had alleged enough, considering both of his proposed complaints, to survive frivolity review pursuant

---

[1] Plaintiff identifies Defendant as "Smithfield Packing Inc." Defendant asserts its proper name is "The Smithfield Packing Company, Inc."

[2] After the motion was submitted to the undersigned for ruling, Plaintiff filed an additional response to the motion to dismiss, without leave of court.

to 28 U.S.C. § 1915(e)(2). Dec. 21, 2010, Order [DE-4]. Judge Daniel directed the Clerk of Court to file the complaint and issue the summons prepared by the Plaintiff, and directed the United States Marshal to serve the summons and copy of the complaint on Smithfield. The Clerk thereafter filed both the original Complaint [DE-5] and the Amended Complaint [DE-8].

The record shows that Smithfield was served by the Marshal on January 6, 2011. *See* Notice [DE-9]. On January 24, 2011, the undersigned *sua sponte* directed the Clerk to re-issue the summons and directed the Marshal to serve the summons and the Amended Complaint [DE-8] on Smithfield.

On January 27, 2011, Smithfield filed the present Motion to Dismiss, noting that it had not been served with the Amended Complaint. On February 25, 2011, the Marshal filed a Notice indicating that Smithfield had been served with the Amended Complaint on February 2, 2011. *See* Notice [DE-19].

## II. STATEMENT OF THE FACTS

The facts, as alleged by Plaintiff in the Complaint and the Amended Complaint, are as follows:

Plaintiff began employment with Smithfield on September 22, 2006, at meat packing plant in Wilson, North Carolina. In the Original Complaint, Plaintiff alleges he was terminated from employment on February 23, 2009. In the Amended Complaint, Plaintiff alleges his employment was terminated on February 13, 2009.

Plaintiff alleges in the Original Complaint that Smithfield engaged in "racial discrimination, unfair labor practices, and violation of federal and state laws as regards employment." Compl. [DE-5] ¶ 4. Specifically, he alleges he was discriminated against when (1) in April 2007, he defecated on himself while working because he wasn't allowed to go to the bathroom; (2) in September 2008,

a Caucasian woman was given a light duty assignment but he was not; (3) in November 2008, Smithfield cut off his insurance and refused to provide him medical treatment; (4) in December 2008, he again was refused a light duty assignment, and (5) in February 2009, he was terminated in retaliation for his efforts to establish a union at the Wilson plant. Plaintiff also alleges Smithfield wrongfully reduced his pay from $12.00 to $10.65 per hour when he switched from second shift to first shift.

## III. STANDARD OF REVIEW

### A. Rule 12(b)(6) Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the " '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.' " *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 180 (4th Cir. 2000).

The standard for evaluating sufficiency of the pleading in the instant case is particularly flexible because "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 93 (internal citation omitted). Nonetheless, a *pro se* plaintiff may not simply present conclusions to the court, but must "allege with specificity some minimum level of factual support" for his claim in order to avoid dismissal. *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989); see *also Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir. 1990) ("While *pro se* complaints may represent the work of an untutored hand requiring special judicial solicitude, the Court cannot act as plaintiff's counsel and read claims into the complaint that are not otherwise presented.") (internal quotations and citations omitted). Dismissal, however, is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). *See generally* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004) ("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate).

Although consideration of matters outside the pleadings generally converts a dismissal motion under Rule 12(b)(6) to a motion for summary judgment, under certain circumstances a court may consider outside documents when ruling on a motion to dismiss. If a document is integral to and explicitly relied on in a complaint, and its authenticity is unchallenged, a court may consider it when ruling on a motion to dismiss. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Similarly, a court may consider official public records when ruling on a motion to dismiss. *Witthohn v. Fed. Ins. Co.*, 164 Fed. Appx. 395, 397 (4th Cir. 2006)(per curiam).

4
Case 5:10-cv-00479-F Document 22 Filed 07/27/11 Page 4 of 10

## B. Rule 12(b)(1) Standard

With regard to Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Fourth Circuit has summarized the applicable legal standards:

> When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.; Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Trentacosta, supra*, 813 F.2d at 1559 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Trentacosta, supra*, 813 F.2d at 1558.

*Richmond, Fredericksburg, & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## IV. ANALYSIS

Smithfield, relying mainly on Judge Daniel's characterization of the Plaintiff's Complaint and Amended Complaint, argues that all potential claims must be dismissed. Specifically, Smithfield contends (1) Plaintiff did not timely file a charge with the Equal Employment Opportunity Commission ("EEOC") and therefore any possible claim under Title VII of the Civil Rights Act of 1964 ("Title VII") is time-barred; (2) Plaintiff fails to state a claim under the Fair Labor Standards Act ("FLSA"), and (3) the court lacks subject matter jurisdiction over Plaintiff's claim that he was terminated in retaliation for engaging in union-organizing activity. The court will examine each argument in turn.

## A. Claims under Title VII

To state a claim under Title VII, a plaintiff must first exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC. *See Bryant v. Bell Atlantic Maryland, Inc.*,

288 F.3d 124, 142 (4th Cir. 2002). To be timely, a charge of discrimination must be filed within 180 days after the alleged discrimination occurred. *See* 42 U.S.C. § 2000e-5(e)(1); *EEOC v. Comm. Office Prod. Co.*, 486 U.S. 107, 110 (1988). Failure to file a timely charge with the EEOC bars the claim in federal court. *See Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 623-24 (2007), *superseded by statute on other grounds*, Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5; *Williams v. Giant Food, Inc.*, 370 F.3d 423, 429 (4th Cir. 2004).

A review of the record shows that the latest date the alleged discrimination occurred is February 25, 2009, the date Plaintiff alleges he was terminated in his EEOC charge. *See* EEOC Charge [DE-14-1] (stating that the latest date discrimination took place was February 25, 2009). *But see* Compl. [DE- 5] (alleging Plaintiff as terminated on February 13, 2009); Amended Compl. [DE-8] (alleging Plaintiff was terminated on February 23, 2009). Plaintiff therefore had 180 days from February 25, 2009, or until August 24, 2009, to file a charge with the EEOC. The record reflects, however, that Plaintiff signed a charge on September 25, 2009, and it was stamped received by the EEOC on October 2, 2009. *See* EEOC Charge [DE-14-1]. Because Plaintiff failed to timely file his charge of discrimination with the EEOC on or before August 24, 2009, any claims under Title VII must be DISMISSED.[3]

**B. FLSA and North Carolina Wage and Hour Act Claims**

---

[3] The court observes that the Complaint and Amended Complaint could be construed as attempting to state a claim under the Americans with Disabilities Act of 1990, as amended ("ADA"). *See also* EEOC Charge [DE-14-1] (stating that Plaintiff believed he had been discriminated against "because of my disability"). The ADA, however, also requires a plaintiff to file a charge of discrimination within 180 days of the alleged discriminatory activity. *See J.S. ex rel. Duck v. Isle of Wight County Sch. Bd.*, 402 F.3d 468, 475 n.12 (4th Cir. 2005)(citing 29 U.S.C. § 629(d); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1)). Accordingly, to the extent that Plaintiff does state a claim under the ADA, it too is time-barred and is DISMISSED.

The FLSA is a remedial statute designed to protect the most vulnerable workers who lack sufficient bargaining power to secure a fair wage or negotiate reasonable work hours with their employers. *See Gaxiola v. Williams Seafood of Arapahoe, Inc.*, ___ F.Supp.2d ___, 2011 WL 806792 at *4 (citing *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *Brooklyn Sav. Bank v. O'Neill*, 324 U.S. 697, 707(1945)). To that end, the FLSA requires an employer to pay each employee wages at or above the minimum hourly wage, and to pay an employee working over 40 hours in one week overtime at a rate not less than one and one-half times the regular rate of an employee's compensation. *See* 29 U.S.C. §§ 206, 207. An employee may sue an employer in federal or state court for violating the minimum wage or overtime provisions of the FLSA. *See* 29 U.S.C. § 216(b). Additionally, an employee has a cause of action against an employer who discriminates against the employee because the employee (1) "filed any complaint or instituted or caused to be instituted any proceedings" under the FLSA; (2) "testified for is about to testify in any [FLSA] proceeding;" or (3) "served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

As Judge Daniel observed in the December 21, 2010, Order [DE-4], Plaintiff includes only one allegation which could conceivably be construed as arising under the FLSA: his allegation that in March 2008 he received an unfair pay reduction from $12.00 to $10.56 per hour. Amended Compl. [DE-8] at p. 2. ("[T]hey reduced my pay from $12.00 per hour to $10.56 per hour and that wasn't right and that was a[n] unfair labor practice, a violation of Federal and State Fair Labor Standards."). This lone factual allegation, however, does not suffice to state a claim under the FLSA. Even with a reduction in pay, Plaintiff still was earning well above the minimum wage, *see* 29 U.S.C. § 206(a)(1)(B), and there is no allegation that Smithfield failed to pay him for overtime. Nor is there any allegation that Smithfield was retaliating against Plaintiff because of any activity

protected under the FLSA. In short, Plaintiff fails to include any factual allegations which would support a claim under the FLSA. Accordingly, to the extent Plaintiff attempts to state a claim under the FLSA, it is DISMISSED.

Similarly, to the attempt Plaintiff attempts to state a claim under the North Carolina Wage & Hour Act, it too is DISMISSED. The factual allegations in the Complaint and Amended Complaint do not implicate any of the protections of the North Carolina Wage and Hour Act.

## C. National Labor Relations Act

In his December 21, 2010, Order, Judge Daniel observed that "it seems likely that Plaintiff meant to assert claims under the National Labor Relations Act[4] ("NLRA") instead of the FLSA." December 21, 2010 Order [DE-4] at p. 3 n.1. Specifically, Judge Daniel observed that to the extent Plaintiff alleges he was terminated for his attempts to organize a union at the Wilson plant, he appeared to be attempting to state a claim under the NLRA. Smithfield, in its Motion to Dismiss, argues that any such claim must be dismissed because this court lacks subject matter jurisdiction over it.

Section 7 of the NLRA guarantees employees the rights to "self-organization, to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157. In turn, Section 8 makes it an unfair labor practice for an employer "to interfere with, restrain, or coerce employees" in the exercise of their Section 7 rights, or to discriminate "in regard to hire or tenure of employment for any term or condition of employment to encourage or discourage membership in any labor organization." 29 U.S.C. § 158(a). Any claims under Section 8 for unfair labor practices, however, are within the exclusive original

---

[4] 29 U.S.C. § 151 *et seq.*, as amended.

jurisdiction of the National Labor Relations Board ("NLRB"). *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959)("When an activity is arguably subject to § 7 or § 8 of the [NLRA], the state as well as the federal courts must defer to the exclusive competence of the NLRB."); *Lontz v. Tharp*, 413 F.3d 435, 442 (4th Cir. 2005).

Here, the allegations in Plaintiff's Complaint and Amended Complaint –namely that he was terminated and retaliated against for his activities in trying to establish a union at his place of employment–attempt to state a claim under Section 8 of the NLRA. As the Supreme Court has made clear, however, this court does not have jurisdiction over Plaintiff's claim; that lies with the NLRB. *See Garmon*, 359 U.S. at 244-45. *See also Lontz v. Tharp*, 413 F.3d 435, 442 (4th Cir. 2005)("[T]he same 'exclusive competence' of the NLRB which divests state courts of original jurisdiction over claims subject to Sections 7 and 8 also divests federal courts of such jurisdiction). Accordingly, Plaintiff's attempted claims must be DISMISSED for lack of jurisdiction. *See Buckner v. United Parcel Service, Inc.*, No. 5:09-CV-411-BR, 2010 WL 2889586, at *2 (E.D.N.C. July 21, 2010)(dismissing a pro se plaintiff's claims under Sections 7 and 8 of the NLRA because the claims "must be brought before the NLRB").

## D. Family Medical and Leave Act

In the Original and Amended Complaints, Plaintiff alleges Smithfield revoked his medical insurance while out on leave under the Family Medical Leave Act ("FMLA"). *See* Compl. [DE-5] at p. 3-4; Amended Compl. [DE-8] at p. 2.

Under the FMLA, an eligible employee suffering from a serious health condition is entitled to twelve weeks of leave during any twelve-month period. *See* 29 U.S.C. § 2612(a)(1). While an employee is out on FMLA leave, the employer must maintain the employee's coverage under any group health plan "for the duration of such leave at the level and under the conditions coverage

9

Case 5:10-cv-00479-F   Document 22   Filed 07/27/11   Page 9 of 10

would have been provided if the employee had continued in employment continuously for the duration of such leave." 29 U.S.C. § 2614(c)(1). *See also Ryl-Kuchar v. Care Centers, Inc.*, 565 F.3d 1027, 1030 (7th Cir. 2009).

The allegations in the Complaint and Amended Complaint, taken together and construed liberally in deference to Plaintiff's *pro se* status, suggest that Plaintiff's group health insurance was terminated while he was out on FMLA leave. This appears to be enough to state a claim under the FMLA. Smithfield, however, does not address Plaintiff's allegations regarding his insurance coverage in its Motion to Dismiss. Plaintiff, for his part, does not mention these allegations in either of his responses to Smithfield's motion. Consequently, the court is unsure as to whether Plaintiff is pursuing a claim under the FMLA.

Accordingly, Plaintiff is ORDERED to file a notice **on or before August 15, 2011**, indicating whether he is, in fact, attempting to state a claim under the FMLA. Smithfield has fourteen days from the Plaintiff's filing of the notice to file an Answer or other appropriate response.

## IV. CONCLUSION

For the foregoing reasons, Smithfield's Motion to Dismiss [DE-13] is ALLOWED, and any claim asserted by Plaintiff under Title VII, the FLSA, or the NLRA is DISMISSED.

Plaintiff is ORDERED to file a notice on or before August 15, 2011, stating whether he is attempting to state a claim under the FMLA. Defendant Smithfield has fourteen days from the date Plaintiff files the notice to file an Answer or other appropriate response.

SO ORDERED. This the __26th__ day of July, 2011.

JAMES C. FOX
Senior United States District Judge